UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CHRISTOPHER A. HENRY,

                Plaintiff,

-v.-

LARRY DAVIS
and GOVERNOR ANDREW M. CUOMO,

                Defendants.
---------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/1/11

10 Civ. 7575 (PAC) (JLC)

REPORT AND
RECOMMENDATION

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable Paul A. Crotty, United States District Judge:**

      Christopher A. Henry ("Henry"), proceeding pro se, brings this suit under the Civil Rights Act, 42 U.S.C. § 1983, alleging deprivation of his constitutional rights by Governor Andrew M. Cuomo ("Cuomo")[1] and New York City Department of Corrections ("DOC") Chief Larry Davis ("Davis") (collectively, "Defendants"). Henry, who is a prisoner at Rikers Island, alleges that the telephone time allotted to him in prison is too short and that the limits on his phone use deprive him of his constitutional rights. He seeks both compensatory damages and injunctive relief. Davis has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. For the reasons stated below, I recommend that the Court grant Davis' motion to dismiss in its entirety and dismiss the claim against Cuomo sua sponte.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Cuomo, who currently serves as governor of New York, has been substituted for former governor David Patterson, against whom this action was originally brought.

USDC SDNY
DATE SCANNED 8/1/11

## I. BACKGROUND

In his complaint filed on October 1, 2010, Henry, a prisoner at Rikers Island, alleges that Cuomo and Davis are liable for violations of the Civil Rights Act, 42 U.S.C. § 1983, arising out of certain limitations on Henry's use of the telephone in prison. (Complaint ("Compl.") ¶¶ I.B, II (Dkt. No. 2)).

The following facts are taken from the complaint and are accepted as true for purposes of this motion. On September 1, 2010, around "12:00 HRD," Henry was talking to his "love[d] ones" in a long distance phone conversation when the call ended abruptly because he exceeded the time limit for telephone use. (Id. ¶ II.D). In another incident, Henry was unable to complete a business transaction that he was conducting over the phone because he again exceeded the time limit. (Id.).[2] Henry alleges that he suffered "embarrassment," "lost business," and "cruel and unusual punishment" as a result of the incidents and seeks expanded phone privileges and $99,999,000,000 in compensatory damages. (Id. ¶¶ III, V).[3]

On March 28, 2011, Davis moved to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, arguing that: (1) Henry fails to allege a cognizable federal claim; (2) Henry fails to allege the personal involvement of Davis;

---

[2] Henry does not specify the time limit for telephone use in these incidents that caused his phone calls to be cut short. The Board of Correction Minimum Standards, of which the Court can take judicial notice, see, e.g., Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991); Evans v. N.Y. Botanical Garden, No. 02 Civ. 3591 (RWS), 2002 WL 31002814, at *4 (S.D.N.Y. Sept. 4, 2002) ("A court may take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment."), states that "[t]he Department [of Corrections] shall allow telephone calls of at least six minutes in duration." Rules of the City of New York, Title 40, Chapter 1, § 1-10(e), available at http://www.nyc.gov/html/boc/downloads/pdf/minimum_standards.pdf.

[3] With respect to his phone privileges, Henry seeks "10 minutes instead of six minutes and 20 minutes instead of 15 minutes and every two or three hours reactivated." (Compl. ¶ V).

(3) Henry's claims for compensatory damages are barred in that he does not allege he suffered any physical harm; and (4) Davis is entitled to qualified immunity. (See Defendant Davis' Memorandum of Law in Support of Motion to Dismiss ("Def.'s Mem.") (Dkt. No. 12)).[4]

Henry filed an opposition on July 12, 2011, in which he restates the allegations he made in the Complaint. (Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Opp'n") (Dkt. No. 17)). Henry further contends that the Court should deny Davis' motion to dismiss "because [Davis] neglect[s] the social and emotional well-being of DOC[s] [inmates]." (Id. 4, ¶ 3). On July 25, 2011, Davis filed a reply, arguing, among other things, that his motion to dismiss should be granted because Henry failed to address any of Davis' substantive arguments for dismissing the complaint in his opposition. (Reply Memorandum of Law in Further Support of Motion to Dismiss 2-3 (Dkt. No. 19)).

## II. DISCUSSION

### A.   Legal Standard

A court ruling on a 12(b)(6) motion to dismiss must assume the truth of a pleading's factual allegations and test only its legal sufficiency. See, e.g., McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000) (citation omitted). To survive a Rule 12(b)(6) motion, a plaintiff's pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court is to decide whether a plaintiff has presented

---

[4] Cuomo did not formally respond to Henry's complaint. Instead, in response to the Court's order dated February 28, 2011, the Office of the Attorney General for the State of New York suggested in a letter to the Court dated March 4, 2011 that the Court dismiss the claims against the governor sua sponte pursuant to 28 U.S.C. § 1915 because "[n]o conduct or condition involving any State actor . . . is alleged in the Complaint," and noting that service of the complaint had not been effected as to the governor. (Letter, dated March 4, 2011 (Dkt. No. 20)).

more than mere legal conclusions to support "a reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1940. In addition, a court is obligated to dismiss sua sponte an incarcerated plaintiff's complaint brought under Section 1983 where the complaint fails to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c); 28 U.S.C. 1915(e)(2)(B)(ii); see also, e.g., Giano v. Goord, 250 F.3d 146, 149 (2d Cir. 2001).

Davis' motion to dismiss should be granted and the claim against Cuomo should be dismissed sua sponte because, even when construed liberally, the complaint fails to allege that Henry was deprived of any constitutional right, that Defendants were personally involved in any alleged deprivation, or that he suffered physical harm as a result of the injury.[5] Moreover, the complaint should also be dismissed because Defendants are entitled to qualified immunity.[6]

### B. Henry Has No Constitutional Right to Phone Privileges Beyond the Minimum Allowed by the Prison

Henry has failed to allege that he was deprived of a constitutional right—a threshold requirement of a suit brought under Section 1983. See, e.g., Dawkins v. Gonyea, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009). Phone restrictions do not impinge on a prisoner's constitutional rights where an inmate has alternate means of communicating with the outside world, and

---

[5] A court should construe pleadings brought by pro se litigants liberally. See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (citing Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138, 146 (2d Cir. 2002)). However, a court should not hesitate to dismiss a pro se complaint if it fails altogether to satisfy the pleading standard. See, e.g., Barmapov v. Barry, No. 09 Civ. 03390 (RRM) (RML), 2011 WL 32371, at *2 (E.D.N.Y. Jan. 5, 2011) (citing Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997)).

[6] Davis has not moved to dismiss on exhaustion grounds. Henry alleges in his complaint that he filed a grievance before filing this action, and that his grievance resulted in a transfer. (Compl. ¶ IV, E). He further alleges that he filed another grievance and "spoke to DOC supervisors to take [him] to [a] coordinator but they refused." (Id.). The Court assumes, without deciding, that Henry's claims are exhausted for purposes of resolving the pending motion. See, e.g., Torres v. Carry, 672 F. Supp. 2d 338, 344-45 (S.D.N.Y. 2009).

particularly with counsel. See, e.g., Paulino v. Menifee, No. 00 Civ. 5719 (RCC) (KNF), 2001 WL 243207, at *2 (S.D.N.Y. Mar. 9, 2001) (no injunction restoring phone privileges warranted where prisoner-plaintiff had available alternate means of communication and did not allege these means were inadequate); Pitsley v. Ricks, No. 96 Civ. 0372 (NAM) (DRH), 2000 WL 362023, at *5 (N.D.N.Y. Mar. 31, 2000) (dismissing Section 1983 claim on qualified immunity grounds where prisoner had available alternate means of communication); Fisher v. Dep't of Corr., No. 92 Civ. 6037 (LAP), 1995 WL 608379, at *7 (S.D.N.Y. Oct. 16, 1995) (dismissing, on summary judgment, prisoner's Section 1983 claim regarding telephone access to counsel where prisoner had access by other means); Bellamy v. McMickens, 692 F. Supp. 205, 214 (S.D.N.Y. 1988) ("[R]estrictions on inmates' access to counsel via the telephone may be permitted as long as prisoners have some manner of access to counsel."); Pino v. Dalsheim, 558 F. Supp. 673, 675 (S.D.N.Y. 1983) (restrictions limiting telephone use to eight minutes twice a month did not deprive prisoner of meaningful access to counsel where prisoner could communicate by alternate means). Moreover, an inmate such as Henry has no constitutional right to unrestricted telephone use. See, e.g., Pitsley, 2000 WL 362023, at *4; Fisher, 1995 WL 608379, at *7; Bellamy, 692 F. Supp. at 214.

Here, Henry does not allege that he was stripped of alternate methods of communication. Accordingly, he has failed to demonstrate that the prison's imposed time limits on telephone use deprived him of a constitutional right, and his complaint should therefore be dismissed on this basis alone.

### C. Henry Has Failed to Allege the Personal Involvement of Defendants

Henry has also failed to assert that Defendants were personally involved in depriving him of his constitutional rights. "[P]ersonal involvement of defendants in alleged constitutional

5

deprivations is a prerequisite to an award of damages under § 1983." Schomo v. City of New York, 579 F.3d 176, 184 (2d Cir. 2009) (citation and internal quotation marks omitted). Therefore, a complaint that fails to allege how a specific defendant violated the law or injured the plaintiff should be dismissed. See, e.g., Hemmings v. Gorczyk, 134 F.3d 104, 109 n.4 (2d Cir. 1998). Because a defendant's conduct must be a proximate cause of the alleged Section 1983 violation, "the doctrine of respondeat superior . . . does not suffice to impose liability for damages under section 1983 on a defendant acting in a supervisory capacity." De Jesus v. Albright, No. 08 Civ. 5804 (DLC), 2011 WL 814838, at *5 (S.D.N.Y. Mar. 9, 2011) (quoting Hayut v. State Univ. of N.Y., 352 F.3d 733, 753 (2d Cir. 2003)) (internal quotation marks omitted).

Here, Henry names Cuomo and Davis as Defendants, but his complaint contains no allegations as to how they participated in the alleged deprivation of his constitutional rights. Moreover, Henry does not allege any conduct that could plausibly state a claim that Defendants, as supervisory officers, failed to remedy the alleged violation or created or allowed the continuance of the phone policy that allegedly caused it. Accordingly, Henry's complaint should be dismissed on this ground as well. See, e.g., Dargan v. Heath, No. 10 Civ. 7360 (PKC), 2011 WL 1795814, at *4 (S.D.N.Y. May 4, 2011) (plaintiff failed to allege personal involvement where complaint only referred to defendants in caption); Abascal v. Jarkos, 357 F. App'x 388, 390 (2d Cir. 2009) (summary order) (affirming district court's sua sponte dismissal of Section 1983 claims in part because plaintiff failed to allege defendants' personal involvement); Wright v. Nunez, 950 F. Supp. 610, 611 (S.D.N.Y. 1997) (dismissing sua sponte Section 1983 claims because prisoner failed to allege personal involvement of warden of prison and commissioner of DOC).

### D. Henry Cannot Recover Compensatory Damages Because He Does Not Allege Physical Harm

Henry does not allege that he suffered any physical injury as a result of the incidents he complains about and therefore cannot recover compensatory damages. The Prison Litigation Reform Act (the "PLRA") bars prisoners from bringing a civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Although "physical injury" is not statutorily defined, the injury an inmate claims must be more than de minimis to meet the requirements of the PLRA. See, e.g., Liner v. Goord, 196 F.3d 132, 135 (2d Cir. 1999). Accordingly, a prisoner cannot recover compensatory damages for mental or emotional injury without a showing of physical injury. See, e.g., Thompson v. Carter, 284 F.3d 411, 417 (2d Cir. 2002).

In this case, Henry contends that he suffered "embarrassment," "lost business," and "cruel and unusual punishment." (Compl. ¶ III). His complaint makes no suggestion that he suffered any physical injury, however.[7] In the absence of such allegations, Henry's complaint should also be dismissed insofar as he seeks compensatory damages.

### E. Defendants are Entitled to Qualified Immunity Because Their Alleged Actions did Not Violate Clearly Established Constitutional Rights

The complaint should be dismissed on one additional ground: Defendants are entitled to qualified immunity from suit. "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Aschroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011) (citing Harlow v. Fitzgerald, 457

---

[7] Henry appears to acknowledge in his opposition that he has not suffered any physical harm. He alleges only that Defendants "neglect the social and emotional well-being of DOC[s] [inmates]," without mentioning any physical harm. (Opp'n 4, ¶ 3).

7

U.S. 800, 818 (1982)). An official's conduct "violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that 'every reasonable official would have understood that what he is doing violates that right.'" Id. at 2083 (alterations in original) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

Here, as discussed in Part II.B, supra, the contours of an inmate's constitutional right, if any, to use the telephone are not clearly established. Thus, even if Defendants were personally involved in an alleged violation of Henry's rights, there would be no way for them to know that their actions violated such rights. Indeed, any such acts on the part of Defendants were in compliance with the Board of Correction Minimum Standards mandating a six-minute minimum on inmate telephone calls. See Rules of the City of New York, supra. The complaint should therefore be dismissed because Defendants are entitled to qualified immunity. See, e.g., Smart v. City of N.Y., No. 08 Civ. 2203 (HB), 2009 WL 862281, at *8 (S.D.N.Y. Apr. 1, 2009) (granting summary judgment on inmate's use of telephone claim on qualified immunity grounds "[b]ecause the contours of an inmate's right to use of the telephone are not clearly established").

### F. The Complaint Should be Dismissed With Prejudice Because Repleading Would be Futile

The complaint should be dismissed with prejudice because repleading would not cure its substantive problems. A complaint should be dismissed without prejudice if the pleading, "'liberal[ly] read[],' suggests that the plaintiff has a claim that []he has inadequately or inartfully pleaded and that []he should therefore be given a chance to reframe." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (alterations in original) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). If a complaint, however, has substantive problems and "a

8

better pleading will not cure [them]," "[s]uch a futile request to replead should be denied." Id. (citing Hunt v. Alliance N. Am. Gov't Income Trust, 159 F.3d 723, 728 (2d Cir. 1998)).

As discussed in Parts II.B and II.C, supra, the prison's time limit on telephone access does not deprive Henry of his constitutional rights, and even assuming for argument's sake that it does, Henry has failed to allege that Defendants were personally involved in any deprivation. Therefore, because the complaint here is not simply "inadequately or inartfully pleaded," but contains substantive problems such that an amended pleading would be futile, it should be dismissed with prejudice. See Cuoco, 222 F.3d at 112; see also Richardson v. Hillman, 201 F. Supp. 2d 222, 230-31 (S.D.N.Y. 2002) (dismissing with prejudice Section 1983 claims where plaintiff failed to allege defendants' personal involvement); Pollack v. Nash, 58 F. Supp. 2d 294, 300-01 (S.D.N.Y. 1999) (same); Hudson v. Clark, 319 F. Supp. 2d 347, 351 (N.D.N.Y. 2004) (Section 1983 claim dismissed sua sponte and with prejudice given that plaintiff failed to allege personal involvement).

### III. CONCLUSION

For all these reasons, I recommend that the Court grant Davis' motion to dismiss with prejudice and dismiss Henry's claim against Cuomo sua sponte with prejudice.

### PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any requests for an extension of time for filing

objections must be directed to Judge Crotty. **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. If Plaintiff does not have access to cases cited herein that are reported on LexisNexis or Westlaw, he should request copies from Defendants' counsel. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Dated: New York, New York
August 1, 2011

JAMES L. COTT
United States Magistrate Judge

**A Copy of this Report and Recommendation has been mailed to:**

Christoper A. Henry
1440318739
A.M.K.C.
18-18 Hazen Street
East Elmhurst, NY 11370

Jeffrey S. Dantowitz
Special Federal Litigation Division
City of New York, Law Department
100 Church Street
New York, NY 10009

Richard W. Brewster
Deputy Bureau Chief
Law Enforcement Litigation
Office of the Attorney General
State of New York
120 Broadway
New York, NY 10271