```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
CHRISTOPHER A. HENRY,                                 :
                                                      :
                       Plaintiff,                     :     10 Civ. 7575 (PAC) (JLC)
                                                      :
               -against-                              :     ORDER ADOPTING R&R
                                                      :
                                                      :
LARRY DAVIS                                           :
and GOVERNOR ANDREW M. CUOMO,                         :
                                                      :
                       Defendants.                    :
                                                      :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 20, 2011

HONORABLE PAUL A. CROTTY, United States District Judge:

Pro se Plaintiff Christopher A. Henry ("Henry") brings this action against Governor Andrew M. Cuomo ("Cuomo")[1] and Chief of the New York City Department of Corrections ("DOC") Larry Davis ("Davis") (collectively, "Defendants") under the Civil Rights Act, 42 U.S.C. § 1983 ("Section 1983"). At the time Henry filed his petition, he was a prisoner at Rikers Island. Henry alleges that the telephone time allotted to him at Rikers Island is too short, and that the time limits on his phone use deprived him of constitutional rights. He seeks both compensatory damages and injunctive relief.

Defendant Davis moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. On August 1, 2011, Magistrate Judge James L. Cott issued a Report and Recommendation ("R&R"), recommending that Davis's motion to dismiss be granted in its entirety and that Henry's claims against Cuomo be dismissed sua sponte with prejudice.

Henry filed an objection to the R&R on September 26, 2011, six weeks past the fourteen day period to file a written objection. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P 72(b). The Court has reviewed the R&R and Henry's objections. For the reasons that follow, the Court adopts Magistrate

---

[1] Cuomo, the current governor has been substituted for former Governor David Paterson, against whom this action was originally brought. See Fed. R. Civ. P. 25(d).

1

Judge Cott's Report and Recommendation in its entirety.  Henry's claims are, therefore, DISMISSED WITH PREJUDICE.

## BACKGROUND[2]

**I. Facts**

On September 1, 2010, Henry was making a long distance call "to [his] love[d] ones," from the Housing Unit at Rikers Island prison, when "the phone cut[ ] off abruptly."  In another incident, Henry was unable to complete a business transaction over the phone because he exceeded the time limit.  Henry alleges that he suffered "[e]mbarrasment," "lost bus[i]ness," and "cruel and unusual punishment" from these incidents.

After Henry instituted this action, he was moved from the Rikers Island prison to the Kirby Forensic Psychiatric Center.

**II. Procedural History**

On October 1, 2010, Henry filed a complaint in this action against Defendants alleging that the limitations on his telephone use deprived him of a constitutional right in violation of Section 1983.  Henry seeks expanded phone privileges, and $99,999,000,000.00 in compensatory damages.

On October 15, 2010, the Court referred this case to Magistrate Judge Cott for general pre-trial supervision and dispositive motions.  On March 28, 2011, Davis moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Davis advanced four arguments: (1) Henry fails to allege a cognizable federal claim; (2) Henry fails to allege that Davis was personally involved in the alleged Section 1983 violation; (3) Henry's claims for compensatory damages are barred because he does not allege he suffered any physical harm; and (4) Davis is entitled to qualified immunity.  While Defendant Cuomo did not formally respond, the Officer of the Attorney General for the State of New York suggested that the Court dismiss the claims raised against the governor sua sponte pursuant to 28 U.S.C. § 1915.

---

[2] Facts are taken from the R&R and the parties' submissions.

**III. Magistrate Judge Cott's R&R**

On March 9, 2011, Magistrate Judge Cott issued an R&R recommending that Henry's Section 1983 claims against Davis and Cuomo be dismissed for failure to state a claim. Magistrate Judge Cott recommended that Henry's complaint be dismissed with prejudice, as the pleading contained "substantive problems such that an amended pleading would be futile." (R&R 9).

   A. <u>Failure to State A Cognizable Federal Claim</u>

Magistrate Judge Cott determined that Henry failed to state a Section 1983 claim because he had not alleged that he was deprived of a constitutional right. "Prison regulations imposing restrictions on inmate phone calls have generally been upheld" where "the affected inmates have alternate means of communicating," because such restrictions "further[ ] a legitimate penological interest." <u>Pitsley v. Ricks</u>, No. 96 Civ. 0372 (NAM) (DRH), 2000 WL 362023, at *5 (N.D.N.Y. Mar. 31, 2000); <u>see</u> <u>also</u> <u>Paulino v. Menifee</u>, No. 00 Civ. 5719 (RCC) (KNF), 2001 WL 243207, at *2 (S.D.N.Y. Mar. 9, 2001) (no injunction restoring phone privileges warranted where prisoner-plaintiff had available alternate means of communication and did not allege these means were inadequate). Prisoners have no constitutional right to unrestricted telephone use. <u>Pitsley</u>, 2000 WL 362023, at *4. Henry alleges only that there were time limits imposed on his telephone use, and does not allege that he was denied alternate methods of communication. Magistrate Judge Cott found these phone restrictions did not impinge Henry's constitutional rights. (R&R 4-5.) Accordingly, Magistrate Judge Cott recommended that the Court dismiss Henry's Section 1983 claim. (<u>Id.</u>)

   B. <u>Failure to Allege Personal Involvement of Defendants</u>

Magistrate Judge Cott determined that Henry's complaint should also be dismissed because Henry "fails to allege how [the] specific defendant[s] violated the law or injured the plaintiff." (R&R 6 (citing <u>Hemmings v. Gorczyk</u>, 134 F.3d 104, 109 n.4 (2d Cir. 1998)). The "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." <u>Shomo v. City of New York</u>, 579 F.3d 176, 184 (2d Cir. 2009) (quoting <u>Colon v. Coughlin</u>, 58 F.3d 865,

3

873 (2d Cir.1995)).  Further, the doctrine of respondeat superior "does not suffice to impose liability for damages under section 1983 on a defendant acting in a supervisory capacity." De Jesus v. Albright, No. 08 Civ. 5804 (DLC), 2011 WL 814838, at *5 (S.D.N.Y. Mar. 9, 2011) (quoting Hayut v. State Univ. of N.Y., 352 F.3d 733, 753 (2d Cir. 2003)).  Magistrate Judge Cott determined that Henry's complaint "names Cuomo and Davis as Defendants, but his complaint contains no allegations as to how they participated in the alleged deprivation of his constitutional rights." (R&R 6.)  Accordingly, Magistrate Judge Cott again recommended that the Court dismiss Henry's complaint. (Id.)

    C.  No Physical Injury

Magistrate Judge Cott determined that Henry could not recover any compensatory damages because he has not alleged he suffered any physical harm.  (R&R 7.)  Under the Prison Litigation Reform Act, prisoners may not recover compensatory damages for "mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Henry does not allege he suffered physical harm; rather Henry alleges only "embarrassment, lost business, and cruel and unusual punishment."  (Compl. ¶ III.)  Accordingly, Magistrate Judge Cott recommended that the Court dismiss Henry's claims for compensatory damages.  (R&R 7.)

    D.  Defendants are Entitled to Qualified Immunity

Magistrate Judge Cott determined that Henry's complaint could be dismissed on another ground: qualified immunity.  (R&R 7-8.)  "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct."  Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  The Board of Corrections Minimum Standards state that, "[t]he Department [of Corrections] shall allow telephone calls of at least six minutes in duration."  Rules of the City of New York, Title 40, Chapter 1, § 1-10(e), available at, http://www.nyc.gov/html/boc/downloads/pdf/minimum_standards.pdf.

Magistrate Judge Cott found that even if Defendants were involved in an alleged violation of Henry's constitutional rights—which they were not, for the reasons as discussed above—there would be no way for the Defendants to know that their actions violated Henry's rights in light of the Board of Corrections Minimum Standards regarding telephone use. (R&R 8). Accordingly, Magistrate Judge Cott determined that Defendants are entitled to qualified immunity. (Id.)

  E.  Dismissal with Prejudice

Magistrate Judge Cott recommended that Henry's complaint be dismissed with prejudice, because "repleading would not cure its substantive problems." (R&R 8). Where a complaint has substantive problems, which a better pleading will not cure, granting leave to replead is futile. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). As detailed above, Henry's complaint is deficient on multiple grounds. Magistrate Judge Cott determined that granting leave to replead would be futile, and therefore recommended that the Court dismiss Henry's complaint with prejudice. (R&R 9.)

## DISCUSSION

**I. Standard of Review**

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party makes a timely "specific written objection," the district court is obligated to review the contested issues *de novo*. Greene v. WCI Holdings Corp., 956 F. Supp 509, 513 (S.D.N.Y. 1997). The Court, however, may adopt those portions of the recommendation to which there is no "specific, written objection," as required under Fed. R. Civ. P. 72(b), as long as those sections are not clearly erroneous. (Id.)

**II. Henry's Objections**

On September 26, 2011, Henry filed a "reply motion for R and R," in which he reasserted his claim that "the defendant['s] motion should be dismissed because it lacks merit by depriving thousands of detainees [including himself] of telephone services." (Pl. Objections 1). Henry's letter makes no "specific, written objection[ ]" to Magistrate Judge Cott's proposed findings and recommendations. See

5

Fed. R. Civ. P. 72(b); see also Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that a "bare statement, devoid of any reference to specific findings or recommendations to which [plaintiff] objected and why, and unsupported by legal authority, [is] not sufficient to preserve [a] . . . claim"). As a result, the Court reviews the R&R for clear error.

Having reviewed the R&R, and finding no clear error in Magistrate Judge Cott's analysis, the Court dismisses Henry's complaint with prejudice.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Cott's R&R in its entirety. The court GRANTS Davis's motion to dismiss in its entirety, and dismisses Defendant Cuomo sua sponte. The Court dismisses Henry's complaint with prejudice. Accordingly, the Clerk of Court is directed to enter judgment and close this case. Pursuant to 28 U.S.C § 1915(a), I find that any appeal from this order would not be taken in good faith.

Dated: New York, New York
       October 20, 2011

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies to:

Christopher A. Henry
1d# 701803
Kirsby Forensic Psychiatric Center
600 East 125th Street
Wards Island, New York 10035

6